# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JILL A. WHITCOMB,

              Plaintiff,

    v.                                                  Case No. 13-CV-990

SYLVIA MATHEWS BURWELL,

              Defendant.

# ORDER

On May 26, 2015, this court concluded that the final decision of the Secretary of Health and Human Services, defendant Sylvia Mathews Burwell, denying coverage for a continuous glucose monitor for plaintiff Jill A. Whitcomb was based upon an error of law. *Whitcomb v. Burwell*, 2015 U.S. Dist. LEXIS 67802 (E.D. Wis. May 26, 2015). Specifically, the court concluded that the Secretary, through the Medicare Appeals Council, erred when it concluded that Article A47238 was incorporated into Local Coverage Determination (LCD) L27231. *Id.* at 8. The court remanded the matter pursuant to Sentence Four of 42 U.S.C. § 405(g) for review of Whitcomb's claim under the proper legal standard.

The matter is now back before the court on Whitcomb's motion for fees under the Equal Access to Justice Act (EAJA). Any party, as defined under 28 U.S.C. § 2412(d)(2)(B), who prevails in an action against the United States is entitled to recover the attorneys' fees she incurred as a result of the action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The purpose of the EAJA is three-fold:

> (1) to encourage private litigants to pursue their administrative and civil actions against the government and not be deterred by the prospect of having to absorb the cost of their own attorneys' fees; (2) to compensate parties for the cost of defending against unreasonable government action; and (3) to deter the federal government from prosecuting or defending cases in which its position is not substantially justified.

*Berman v. Schweiker*, 713 F.2d 1290, 1297 (7th Cir. 1983).

"The 'EAJA is not an automatic fee-shifting statute in favor of litigants who prevail against the government.'" *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009) (quoting *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995)). "The outcome of a case is not conclusive evidence of the justification for the government's position." *Id.* (quoting *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000)). Thus, the court does not award fees under the EAJA merely because the government lost the case. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

The Secretary opposes Whitcomb's request for attorneys' fees on the basis that the Secretary's position was "substantially justified." "While the EAJA does not define

'substantially justified,' the Court has held that the phrase means a position that is 'justified in substance or in the main.'" *Krecioch v. United States*, 316 F.3d 684, 688-89 (7th Cir. 2003) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Court of Appeals for the Seventh Circuit explained further, stating:

> A position is substantially justified if it has a reasonable basis in law and fact. The government has the burden of establishing that its position was substantially justified, and to do so must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded.

*Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).

"[U]ncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position." *Potdar*, 585 F.3d at 320 (quoting *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994)). But the government's position is not inherently substantially justified merely because the underlying issue is novel. *Keasler v. United States*, 766 F.2d 1227, 1234 (8th Cir. 1985). The absence of precedent squarely addressing an issue could itself be evidence of the lack of justification for the government's position; it might suggest that the question was so clear that it had been unnecessary to previously litigate.

The issue before the court on Whitcomb's appeal was whether the Secretary complied with the law when it concluded that a continuous glucose monitor (CGM) is not covered by Medicare. On that issue, National Coverage Determination (NCD) 40.2

3

and Local Coverage Determination L47238 both address glucose monitors covered by Medicare. As the court pointed out in its Decision and Order, neither refer to CGMs and both pretty plainly are directed at glucose monitors that test blood samples produced on reagent strips—which is not how CGMs work. (ECF No. 51 at 7.) But the fact that NCD 40.2 and LCD L47238 make no mention of CGMs does not necessarily mean that CGMs are not covered by Medicare.

To support the conclusion that CGMs are not covered by Medicare, the Medicare Appeals Council, whose final decision was that of the Secretary, pointed to Local Coverage Article A47238, which states clearly that CGMs are not covered. Finding that Article A47238 was incorporated into LCD L47238, the Secretary concluded that CGMs are not covered by Medicare. It was this conclusion which the court in its Decision and Order found was in error, with the court finding that Articles are not to be read for coverage determinations.

The court finds that the Secretary's position, although ultimately unsuccessful, was substantially justified. Articles and LCDs share a common history as Local Medical Review Policies (LMRPs), *Whitcomb*, 2015 U.S. Dist. LEXIS 67802, 3. When an NCD and an LCD state a specific type of equipment is covered but are silent as to a different type of equipment used for a similar purpose, it was not unreasonable to argue that clear language in a related Article ought to be used to fill in the gap and assist in the coverage determination. It was only by comparing the availability of review for an LCD with the

4

absence of any such review of an Article that the court concluded that looking to Articles for coverage determinations would undermine Section 522 of BIPA. *Id.* at 8-9.

Nor does the court find persuasive Whitcomb's argument that "the ALJ's decision put the government on notice that its reliance on an Article rather than NCDs and LCDs was unreasonable." (ECF No. 53 at 6.) The ALJ's rationale was quite distinct from the court's and was, in certain respects, incorrect. At no point in his decision did the ALJ state that Articles cannot be used to determine whether particular equipment is covered by Medicare. Rather, after quoting the relevant portion of Article A47238, the ALJ moved onto a discussion of the law governing LCDs, noting that LCDs are entitled to substantial deference, although they can be disregarded if the ALJ provides specific reasons for not following them. He then continued, "The undersigned ALJ declines to follow Local Coverage Article A47238." (ECF No. 18 at 52.) Read together, it appears that the ALJ incorrectly accepted that coverage language may be properly included in an Article and that an ALJ may decline to follow coverage language in an Article in the same way he can disregard an LCD. (ECF No. 18 at 52-53.)

Similarly, the court does not find that other non-precedential decisions of two other ALJs (*see* ECF No. 53 at 6-7) or other administrative actions (ECF No. 53 at 7) suggest that the Secretary's position in this litigation was not substantially justified.

5
Case 2:13-cv-00990-WED   Filed 09/09/15   Page 5 of 6   Document 66

Therefore, because the Secretary's position in this matter was substantially justified, the court must conclude that Whitcomb is not entitled to attorneys' fees under the EAJA.

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorneys' fees under the Equal Access to Justice Act is **denied.**

Dated at Milwaukee, Wisconsin this 9th day of September, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge